UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE:

MOHAMMAD TAYARANI-BEEGHAM,

Debtor/Appellant.

Case No.  5:16-cv-04920-EJD

**ORDER DENYING EX PARTE MOTION FOR STAY PENDING APPEAL**

Re: Dkt. No. 4

Appellant Mohammad Tayarani-Beegham ("Appellants") appeals from bankruptcy court orders granting the Trustee's motion requiring him to surrender and turn over possession of certain real property, and denying his motion to reconsider a request to set an evidentiary hearing on the value of that same property. Dkt. No. 1.  He now moves ex parte for a stay of these orders pending appeal after a motion for similar relief was denied by the bankruptcy court.[1] Dkt. No. 4.

Having considered this matter, the court finds, concludes and orders as follows:

1. Pursuant to Federal Rule of Bankruptcy Procedure 8007(b), a motion for stay pending appeal may be made to the district court sitting in review.  The district court applies the same standard as would the court of appeals.  See In re Crystal Props. Ltd., L.P., 268 F.3d 743, 755 (9th Cir. 2001) (noting that the district court functions as an appellate court in reviewing a bankruptcy court's decision).

2. The legal principles relevant to a stay motion "have been distilled into consideration of four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay;

---

[1] Indeed, Appellant was required to present either a stay application to the bankruptcy court in the first instance, or explain why doing so would have been impracticable.  Fed. R. Bankr. P. 8007.

1
Case No.: 5:16-cv-04920-EJD
ORDER DENYING EX PARTE MOTION FOR STAY PENDING APPEAL

1  (3) whether issuance of the stay will substantially injure the other parties interested in the
2  proceeding; and (4) where the public interest lies.'" Nken v. Holder, 556 U.S. 418, 434 (2009)
3  (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

4     3.    "The first two factors . . . are the most critical." Id. However, a failure on any one
5  factor "dooms the motion." In re Irwin, 338 B.R. 839, 843 (E.D. Cal. 2006) (quoting In re Deep,
6  288 B.R. 27, 30 (N.D.N.Y. 2003)). Moreover, because a stay pending appeal is an extraordinary
7  remedy, the court must examine the factors with obligatory restraint. See In re Smith, 397 B.R.
8  134, 136 (Bankr. D. Nev. 2008) (citing In re Fullmer, 323 B.R. 287, 293 (Bankr. D. Nev. 2005)).

9     4.    Alternatively, "'serious questions going to the merits' and a hardship balance that
10 tips sharply towards the plaintiff" can support the issuance of injunctive relief, "so long as the
11 plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the
12 public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).
13 This articulation represents "one alternative on a continuum" under the "'sliding scale' approach
14 to preliminary injunctions employed" by the Ninth Circuit. Id. at 1131-32.

15     5.    Appellant has not shown that he is likely to succeed on the merits of the appeal.
16 For a stay pending appeal, the "likelihood of success" element requires a bankruptcy debtor to
17 establish "at a minimum, that she has a substantial case for relief on the merits." Leiva-Perez v.
18 Holder, 640 F.3d 962, 968 (9th Cir. 2011). "[I]t is not enough that the likelihood of success on the
19 merits is 'better than negligible' or that there is a 'mere possibility of relief.'" Lair v. Bullock, 697
20 F.3d 1200, 1204 (9th Cir. 2012) (quoting Nken, 556 U.S. at 434). Here, Appellant simply
21 declares, without citation to the record or relevant legal authority, that the Trustee has never been
22 able to establish any value in the property for the benefit of the parties at interest. However, the
23 bankruptcy court examined this exact argument when it considered a similar stay motion from
24 Appellant and observed that his position was contrary to that of the Ninth Circuit, as explained in
25 In re Hyman, 967 F.2d 1316, 1320 (9th Cir. 1992). Appellant makes no effort to address Hyman
26 in the instant application, nor has Appellant convincingly established why an evidentiary hearing
27 on valuation is necessary before the bankruptcy merely requires a debtor to cooperate with efforts

1   to market and sell a property.  Moreover, and in any event, the court notes that the bankruptcy
2   court has not foreclosed Appellant from challenging any proposed sale of the property because it
3   is fully encumbered; to the contrary, it specifically indicated it will permit Appellant to raise this
4   issue if and when the Trustee files a motion to approve a sale under 11 U.S.C. § 363.

5         6.   In addition, Appellant has not demonstrated he will be irreparably injured in the
6   absence of a stay.  "[B]oth the Supreme Court and the Ninth Circuit have raised the bar on the
7   showing of irreparable injury, now requiring a showing that 'an irreparable injury is the more
8   probable or likely outcome' if the stay is not granted . . . ."  In re Red Mountain Mach. Co., 451
9   B.R. 897, 900 (Bankr. D. Ariz. 2011).  Speculation describing possible injury will not suffice.  See
10  Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).  Again without
11  citation to authority, to the record, or to any supporting evidence, Appellant surmises the effect of
12  the bankruptcy court's orders is to render him homeless.  In response to this representation, the
13  bankruptcy court explained the displacement of Appellant was not necessarily permanent, and was
14  dependent on the whether the property was saleable.  The bankruptcy court also pointed out that
15  the need for the order turning over possession to the Trustee arose due to Appellant's "steadfast
16  unwillingness to cooperate."  For those reasons, the bankruptcy court found that irreparable injury
17  would not result in the absence of a stay.  This court agrees that Appellant's speculative and
18  unsupported arguments fails to demonstrate likely rather than speculative harm.

19  Because his presentation of the two most critical factors is deficient, Appellant is not
20  entitled to the extraordinary relief he seeks.  Accordingly, the ex parte motion for a stay pending
21  appeal (Dkt. No. 4) is DENIED.

23  **IT IS SO ORDERED.**

24  Dated:  September 28, 2016

EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:16-cv-04920-EJD
ORDER DENYING EX PARTE MOTION FOR STAY PENDING APPEAL