UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>MOHAMMAD TAYARANI-BEEGHAM,<br><br>Appellant/Debtor. | Case No.  5:16-cv-04920-EJD<br><br>**ORDER TO SHOW CAUSE** |

On August 24, 2016, Appellant Mohammad Tayarani-Beegham ("Appellant") filed a Notice of Appeal indicating that he appeals from two bankruptcy court orders: (1) an order granting the Trustee's motion requiring him to surrender and turn over possession of certain real property, and (2) an order denying his motion to reconsider a request to set an evidentiary hearing on the value of that same property.  He also elected to have the appeal heard by the district court. Accordingly, this court functions as an appellate court, and must determine whether it has jurisdiction over this appeal before proceeding further.  In re Crystal Props. Ltd., L.P., 268 F.3d 743, 755 (9th Cir. 2001) (noting that the district court functions as an appellate court in reviewing a bankruptcy court's decision); Hostler v. Groves, 912 F.2d 1158, 1160 (9th Cir. 1990).

"Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158." In re Frontier Props., Inc., 979 F.2d 1358, 1362 (9th Cir. 1992). That statute lists categories of appeals from the bankruptcy court over which the district court may exercise appellate jurisdiction: (1) appeals "from final judgments, orders, and decrees," (28 U.S.C. § 158(a)(1)); (2) appeals from "interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title," (28 U.S.C.§ 158(a)(2)); and (3) appeals "with leave of court, from other interlocutory orders and decrees," (28 U.S.C. § 158(a)(3)).

Here, jurisdiction does not arise under § 158(a)(1) because the orders designated by

Appellant in the Notice of Appeal are not sufficiently final.  A decision is considered "final and… appealable where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed."  In re AFI Holding, Inc., 530 F.3d 832, 836 (9th Cir. 2008) (quoting In re Lazar, 237 F.3d 967, 985 (9th Cir. 2001)).  Neither of the orders finally determined the discrete issue of disposition of the property, or even finally decided whether Appellant will ultimately retain possession of the property.  Nor does jurisdiction arise under § 158(a)(2); indeed, neither order implicates and of the time issues governed by 11 U.S.C. § 1121.

As to § 158(a)(3), the court is unable to locate along with Appellant's Notice of Appeal the motion contemplated by Federal Rule of Bankruptcy Procedure 8004(a)(2).  Under these circumstances, the court finds it appropriate to construe the Notice of Appeal as a motion for leave to appeal.  Fed. R. Bankr. P. 8003.  It therefore examines the orders to determine whether they involve "a controlling question of law as to which there is substantial ground for difference" that, if decided immediately, "may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); see In re Bertain, 215 B.R. 438, 441 (B.A.P. 9th Cir. 1997); see also In re Betta Prods., Inc., No. C 07-04825 WHA, 2007 U.S. Dist. LEXIS 81621, at*3-4, 2007 WL 3023044 (N.D. Cal. Oct. 15, 2007).  No controlling question of law presents on this record, particularly in light of In re Hyman, 967 F.2d 1316, 1320 (9th Cir. 1992) .

Accordingly, the court issues an Order to Show Cause why this action should not be dismissed for lack of appellate jurisdiction.  If Plaintiff does not, by **October 5, 2016**, file a written response that demonstrates the basis for this court's jurisdiction in a manner consistent with the discussion above, the court will dismiss this appeal.

No hearing will be held on the Order to Show Cause unless ordered by the court.

**IT IS SO ORDERED.**

Dated:  September 28, 2016



EDWARD J. DAVILA
United States District Judge

2

Case No.: 5:16-cv-04920-EJD
ORDER TO SHOW CAUSE