Rattan Dev S. Dhaliwal, Esq. [SBN 177318]
DHALIWAL LAW GROUP, INC.
2005 De La Cruz Boulevard, Suite 185
Santa Clara, California 95050
Telephone:    (408) 988-7722
Facsimile:     (408) 988-3345
Email:          rattan@attorneydhaliwal.com

Attorney for Debtor MOHAMMAD TAYARANI-BEEGHAM

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>MOHAMMAD TAYARANI-BEEGHAM<br><br>Debtor/Appellant | **Emergency Ex parte Motion for Stay Pending Appeal** (Urgent matter - U.S. Marshalls are in the process of removing appellant/debtor and his minor child(ren) from their sole residence on Tuesday, (Morning) October 4th, 2016) **and Affidavit of Rattan Dev S. Dhaliwal**<br><br>Bankruptcy No.: 16-50082 SLJ<br><br>Dist. Court Case Number: 16-cv-04920<br><br>Hon. Judge Edward J. Davila<br><br>Courtroom 4<br>Location:  5th Floor, 280 South 1st Street, San Jose, CA 95113 |

**Emergency Ex parte Motion for Stay Pending Appeal**
(Urgent matter - U.S. Marshalls are in the process of removing appellant/debtor and his minor child(ren) from their sole residence on Tuesday, (Morning) October 4th, 2016)

COMES NOW, Mohammad Tayarani-Beegham, debtor in the above referenced Chapter 7 case,

and moves the court for an Order to Stay the Turnover of property to Trustee pending appeal.  Fed.

R. Bankr. P. 8007 provides that a party may move for "stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedes bond or for other relief pending appeal. A discretionary stay is appropriate if: 1) appellant is likely to succeed on the merits of the appeal; 2) appellant will suffer irreparable injury (absent a stay); 3) the stay will do no harm to the appellee; and 4) the stay will do no harm to the public interest. *In re Byrd, 172 B.R. 970, 974 (Bankr. W.D. Wash 1994)*. Alternatively, the bankruptcy court may require an appellant to post a supersedeas bond, in which instance the appellant is entitled to stay as a matter of right. *See, In re Swift Air Lines, Inc.* 21 B.R. 12, 14 (BAP 9th Circuit 1982). Issuance of stay under former Bankruptcy Rule 805 should be made on case to case basis without applying 4 standards generally considered by courts in ruling on stay for more affirmative remedy of injunction pursuant to FRCP 62(c); determination should be made in sound discretion of court while preserving status quo and rights of parties; stay is granted upon posting by appellant of bond in such amount as will substantially protect appellee in preserving its judgment**.** In re Smith (Bankr. D. Vt. 1983), 34 BR 144.

The Debtor is requesting stay pending appeal from the two orders of the Bankruptcy Court. On June 16, 2016, the debtor requested "Motion to Reconsider and Request to set for evidentiary hearing" [Court Docket # 27] that was denied by this court on August 14, 2016 and June 1, 2016 [Court Docket # 24]; and on June 29, 2016, [Court Docket # 34] Turnover Motions filed by Trustee and Orally Granted by the Court on same date. The Notice of Appeal was filed on August 23, 2016 [Court Docket # 54]. For the reasons stated below, the debtor is entitled to the requested relief:

### I) Debtor satisfies the four factors of discretionary stay pending appeal:

Based upon the facts and law discussed herein, Debtor is able to satisfy all the four factors for the Court to grant stay pending appeal.

| MohdTayarani - Beegham | Motion for Stay Pending Appeal | 2 |
|---|---|---|

DHALIWAL LAW GROUP, INC.
2005 DE LA CRUZ BOULEVARD, SUITE 185
SANTA CLARA, CALIFORNIA 95050
TELEPHONE: (408) 988-7722 / FACSIMILE: (408) 988-3345

**1) Likelihood of succeed on the merits of the appeal:**

The first factor in determining whether a stay is appropriate is the likelihood of success on the merits of the appeal. "Likelihood of success on merits" factor, in context of stay pending appeal, as contrasted with injunctive relief, cannot require strict showing of "likelihood of success on merits of appeal" if that factor is to be interpreted as a finding that appellant is likely to prevail and secure reversal of order on appeal; a stay will be granted, in this case pending appeal of order granting relief from stay, where although appellant is not likely to have order reversed, appellant does have "substantial case" on appeal, since questions involved on appeal are not frivolous, but represent arguments and issues that could result in reversal. In re Queen (Bankr. D.N.H. 1990), 121 BR 1. Requirement that there be "likelihood of success on merits of appeal before stay pending appeal" will be granted is satisfied if appellant has substantial case; it is not necessary that court find reversal is likely; requirement was satisfied where case was intricate, facts were disputed and complex, applicable law was unsettled, and application of law to facts was difficult. In re Miraj & Sons, Inc. (Bankr. D. Mass. 1996), 201 BR 23. Although Bankruptcy Court is unwilling to stay effect of judgment determining Chapter 11 debtor's lease to have terminated prior to filing, stay will be granted under former Bankruptcy Rule 8005 until District Court judge has had opportunity to rule on application for stay pending appeal where, although it is unlikely that debtor has reasonable probability of success on appeal: (1) failure to maintain status quo will render subsequent disposition of matter by District Court moot because without stay debtor will probably cease to exist; (2) irreparable injury, in absence of stay, is incontrovertible; (3) potential injury to debtor far outweighs harm to landlord; and (4) stay will preserve debtor as operating company for its creditors and shareholders and will carry out purposes intended to be

| MohdTayarani - Beegham | Motion for Stay Pending Appeal | 3 |
|---|---|---|

DHALIWAL LAW GROUP, INC.
2005 DE LA CRUZ BOULEVARD, SUITE 185
SANTA CLARA, CALIFORNIA 95050
TELEPHONE: (408) 988-7722 / FACSIMILE: (408) 988-3345

served by reorganization provisions of Bankruptcy Code. In re Family Showtime Theatres, Inc. (Bankr. E.D.N.Y. 1986), 67 BR 542, aff'd, (E.D.N.Y. 1987), 72 BR 38.

Likelihood of Debtor to succeed on the merits is good because there is bad faith on the part of trustee.

### A) *Chapter 7 Trustee's bad faith can be ascertained from following facts*:

i) **There is no equity in the house and the Trustee is proving this point for Debtor and this Court:**

The trustee has not been able to show to the Bankruptcy court any equity in the debtor's small residence/property. To begin with, Debtor believes that the trustee is acting in bad faith because she failed to provide her own appraisal report to show the value of the property to the Court. She failed to attach this appraisal report to her motion. Debtor believes that she does not believe in the accuracy of her own report, thereby confirming Debtor's position that there is no equity in the house. Debtor belief is based upon the fact that the Trustee's valuation of the property is defective and it is apparent on the face of it. The valuation is defective because the comparisons of Debtor's property was made to the properties that are bigger than Debtor's small home.

ii) **Trustee's failure to comply with her duties as a trustee under §704**:

Debtor's contention is that there is no equity that would allow Chapter 7 trustee to comply with the § 704 requirement to collect and reduce to money the property of the estate for the best interest of parties of interest. Debtor's contention is based upon the Trustee's own appraisal that shows there is no equity even to pay the real estate agent's fees and closing costs. This does not take into consideration other costs that trustee has to deal with, in addition to paying the broker's fees and closing costs. Given this fact, she is not keeping the best interest of parties of interest in mind. She is doing this to satisfy herself.

| MohdTayarani - Beegham | Motion for Stay Pending Appeal | 4 |
|---|---|---|

iii) **<u>Trustee neither attach her appraisal report with her turnover motion and nor provided any explanation how the estate would benefit</u>**:

Debtor requested Motion to reconsider and requested to set for evidentiary hearing because the Trustee did not provide any proof that there is equity in the debtor's property. Trustee neither provided the value of the debtor's house to the court with her motions nor the explanation how the estate would benefit after paying all the costs. In the Trustee's Opposition [Docket # 49], the trustee's contented that she employed the real estate agent and stated, "it appears to be equity for the benefit of the estate" is a vague contention because there is no proof supporting this argument that there is an equity. Further, trustee's language in her opposition, "…The trustee believes that there will be net equity to the estate in a sale". This language is again vague and ineffective because it is not supported by any proof whatsoever. All of the trustee's arguments in her opposition are based on presumptions and lack substantial written or demonstrative proof to support her arguments and therefore lack credibility.

Further, throughout these proceedings the trustee has not been able to provide one appraisal report for the value of the house that is situated in the well-defined real estate market as bay area/San Jose. This further shows that she has other reasons to sell the small home of Debtor other than her duties as defined in § 704.

iv) *<u>Other Considerations</u>*:

The trustee is preventing the Debtor from exercising his legal right to convert Chapter 7 to Chapter 13 under §706 and at the same time is misleading the Court.

Trustee was informed regarding the Debtor's intention to convert the case to Chapter 7 case prior to her filing of Motion to turnover debtor's property [Docket # 34] and oppositions. She is doing everything in her power to prevent the conversion from happening. At the time of filing i) Motion to turnover of debtor's property [Court Docket #34] and ii) opposition to debtor's motion to reconsider and request for regarding order re Trustee' motion to compel [Court Docket # 49],

DHALIWAL LAW GROUP, INC.
2005 DE LA CRUZ BOULEVARD, SUITE 185
SANTA CLARA, CALIFORNIA 95050
TELEPHONE: (408) 988-7722 / FACSIMILE: (408) 988-3345

trustee failed to show any equity in the house and misled the Court by not attaching her own appraisal report to her motion(s). She further misleads the Court by not attaching the emails that were exchanged between herself and Debtor's Counsel, and the emails exchanged between her counsel and Debtor's Counsel. Further, she has not been able to show any benefit to the estate as well. Debtor has already demonstrated that estate would benefit substantially, if the conversion is allowed. Debtor filed his "Declaration in favor of motion to re-consider the order compelling debtor to comply with trustee and request to set for evidentiary hearing to value his home" [Court Docket # 28] that shows the debtor's increased income that qualifies him for chapter 13 and his changed circumstances to qualify for Chapter 13.

For the above reasons, Debtor believes that the trustee acted in bad faith.

**B) *Court's abuse of its Powers:***

i) **If the Court were to be believed then there is no recourse for Debtor in case of genuine dispute with Chapter 7 trustee**:

Stay pending appeal was warranted since counsel for bankruptcy debtors had at least slight likelihood of success based on uncertainty concerning whether bankruptcy court had authority to direct payment of counsel's fees from funds of debtors held by trustee after debtor's cases were dismissed and funds re-vested in debtors, and only harm was to counsel from denial of stay. In re Ward (Bankr. E.D. Wis. 2014), 511 BR 909.

Court has abused its powers because when the debtor requested for Motion to reconsider and requested evidentiary hearing, this court denied the motion substantially on the ground that there is nothing in the Code that allows Debtor to request evidentiary hearing on the value of his small home, and on the ground that Debtor filed this Chapter 7 case voluntarily. If the Court were to be believed then once the Debtor has filed Chapter 7, then he or she has no further rights. Without going into more detail, this position on the face of it, does not make sense to Debtor. Further, by the same token, there is nothing in the Code that disallows the Debtor from making such a request. In this case, there is a genuine dispute between the trustee and the debtor regarding

the value of debtor's small residence. This Court should have set up evidentiary hearing (as requested) instead of ruling in trustee's favor. Based upon the fact that the Trustee is required to act for the benefit of the parties in interest, at the very least, this Court should have required the Trustee to provide the "Appraisal Report" instead of assuming that the property had an equity.

### ii) *Court raised questions that are not justified under the existing laws especially the Code*:

Further, the Court interfered with the rights of the Debtor by raising a question that is not justified under the law or especially under the code, since it was the code that this Court used to deny the relief that Debtor was seeking. Court requested the Debtor to provide a brief on a question that could be neither addressed by the Debtor and nor by the Trustee. It seems like this Court is acting as a second lawyer for the trustee.

C) **None of the Grounds Exist to Deny the Relief Debtor was seeking**:

Further, this Court has not made any finding that could show debtor's bad faith. Debtor truthfully filed the petition and the schedules and statement of financial affairs and disclosed all the facts and assets truthfully, was truthful at the 341 meeting, and otherwise has fully cooperated with the Trustee. Under these circumstances, the Court is willing to make a single father homeless, and is not willing to ask the Trustee to at least prove her position which is a requirement of the law. In other words, the Debtor is required to act in good faith, but there is no such requirement for the trustee. Throughout these proceedings, trustee has not been able to provide one appraisal report to justify the value of debtor's residence in the well-defined real estate market as in the bay area/San Jose and this court presumed equity in the debtor's residence without any verification and/or authentication and favored the Trustee even the language in the turnover motion and opposition is vague.

In one of its last Orders, Bankruptcy Code ruled that Appellant/Debtor is delaying the case. However, there are not facts to back up this observation of the Court and further, there has never been any ruling against the Debtor on the same facts and circumstances as this case.

D) **The code was designed to help the honest debtors to get a second chance in life**:

This is the specific reason this law was passed by the Congress and it has been confirmed in cases and in all the circuits. This Court completely overlooks this specific intent of this law and thereby oversteps the authority granted to it by the laws. Appellant/Debtor is not citing any authority for this particular portion because this fact is cited in so many cases.

### E) **Debtor requests the Court to consider/read the filed Motions  (collectively/ simultaneously):**

We request this court to consider/read the following motions (collectively/simultaneously) because all of the motion(s) would clarify that why the stay is appropriate and why there is a likelihood of success on the merits of the appeal: The Trustee's Motion to Compel debtor to comply with 11 USC 521; Motion to turnover of 1304 Joplin Drive #4 San Jose, CA; Debtor's Motion to reconsider regarding Order on Motion to Compel and Request to Set Evidentiary Hearing to Value his Home; Debtor's Motion to convert to Chapter 13.

For this court's convenience, the docket details are as follows:

a) On June 1, 2016, Chapter 7 Trustee filed Motion to Compel debtor to comply with 11 USC 521. [Court Docket # 24]

b) On June 3, 2016, Debtor filed Opposition to Trustee's Motion to Compel. [Court Docket # 25]

c) On June 8, 2016, Court ordered Compelling Debtor to comply. [Court Docket # 26]

d) On June 16, 2016, Debtor filed Motion to reconsider regarding Order on Motion to Compel and Request to Set Evidentiary Hearing to Value his Home. [Court Docket # 27]

e) On June 29, 2016, Trustee filed Motion to turnover of 1304 Joplin Drive #4 San Jose, CA. [Court Docket # 34].

f) On June 11, 2016, Debtor filed Opposition to Trustee's Motion to turnover of 1304 Joplin Drive #4 San Jose, CA [Court Docket # 36]

g) On June 11, 2016, Debtor filed Motion to convert case to Chapter 13. [Court Docket # 35]

h) On June 21, 2016, Order ordered denying Motion to convert. [Court Docket # 45]

i) On June 25, 2016, Debtor filed Motion to reconsider Order on Motion to convert case. [Court Docket # 46]

| MohdTayarani - Beegham | Motion for Stay Pending Appeal | 8 |
|---|---|---|

DHALIWAL LAW GROUP, INC.
2005 DE LA CRUZ BOULEVARD, SUITE 185
SANTA CLARA, CALIFORNIA 95050
TELEPHONE: (408) 988-7722 / FACSIMILE: (408) 988-3345

j) On August 3, 2016, Trustee filed opposition to Debtor's Motion to reconsider Order on Motion to convert case. [Court Docket # 49]

k) On August 10, 2016, Court denied debtor's "Motion to reconsider and request to set for evidentiary hearing" [Court Docket # 27] and approved Trustee's motion to turnover of 1304 Joplin Drive #4 San Jose, CA [Court Docket # 34]

l) On August 14, 2016, Court ordered denying Motion to Reconsider and request to set for evidentiary hearing. [Court Docket # 52].

For the above reasons, the debtor filed an appeal and believes that it is likely to prevail on the merits.

**2) Debtor will be significantly and irreparably harmed absent a stay:**

This is undisputed fact that the condo is main home of Appellant/Debtor and his minor child plus the second minor child of whom he has joint custody.  Further, it is undisputed that he runs his business from the same location.  Harm to Chapter 7 debtor from loss of home outweighs any harm to SBA from dissipation of its equity in home which secured its guarantee on deed-of-trust loan so that stay pending appeal should issue if debtor raised serious, substantial questions on merits; policy against potentially unnecessary forfeiture of homes is even stronger than policy favoring satisfaction of debts**.** General Elec. Capital Corp. v. Spring Grove Transp. (In re Spring Grove Transp.) (Bankr. E.D. Va. 1996), 202 BR 862.

This Court ruled that this is Appellant/Debtor is speculating.  This is not true.  He is just thinking of the worst possible scenarios because they could become reality.  If the house is sold from under him than his reasons to clear up legal questions became moot.  Order confirming sale to good faith purchaser is final where order is entered and stay of that sale is not obtained; accordingly, sale becomes final and cannot be reversed on appeal under 11 USCS § 363(m) and former Bankruptcy Rule 805. In re Saco Local Dev. Corp. (B.A.P. 1st Cir. Me. 1982), 19 BR 119, 8 Bankr Ct Dec (LRP) 1252.  After asset of debtor has been sold by trustee, appeal by debtor, who did not seek

DHALIWAL LAW GROUP, INC.
2005 DE LA CRUZ BOULEVARD, SUITE 185
SANTA CLARA, CALIFORNIA 95050
TELEPHONE: (408) 988-7722 / FACSIMILE: (408) 988-3345

stay of order pending appeal pursuant to former Rule 805, from bankruptcy court order allowing trustee's sale is moot. In re Royal Properties, Inc. (9th Cir. Cal. 1980), 621 F2d 984, 6 Bankr Ct Dec (LRP) 952. Party appealing from order which authorizes sale of property of debtor should obtain stay of order; otherwise, property may be sold to good faith purchaser, removing property from jurisdiction of courts and rendering moot appeal from order authorizing sale; good faith purchaser is one who buys in good faith and for value. In re Bel Air Assocs. (10th Cir. Okla. 1983), 706 F2d 301, 10 Bankr Ct Dec (LRP) 868.

**3) There will be no harm to the Trustee or other creditors in this case if a stay is granted:**

In re *Motors Liquidation Co*. 539 B.R. 676, the Court held that the requested relief amounts to a preservation of the *status quo*, there is no harm to the trustee because she had not demonstrated any harm so far. In fact, Trustee admits in her moving papers that property value has gone up. (Para 2 of Trustee's Declaration filed with Bankruptcy Court on 06/01/2016). Since the property values are rising, there will be more to distribute to creditors if the Appellant/Debtor loses the appeal. In any case, it is Appellant/Debtor's position is that the trustee has failed to show any benefit to the estate, hence there will be no harm to the trustee or to other creditors.

**4) Granting a stay has no negative impact on the public interest:**

In re *Motors Liquidation Co.* 539 B.R. 676 the Court held "the public interest ... recognizes the desirability of implementing the legitimate expectations of creditors ... to get paid." 2010 Bankr. LEXIS 3988 at *26, 2010 WL 4638898 at *8. And in *Borders-Bankruptcy*, Judge Glenn found that a stay of interim distributions to creditors pending an appeal would not serve the **[*686]** public's interest because "Congress and the courts have stressed the need for parties to be able to rely on the finality of chapter 11 plans and related orders in conducting business and in dealing with the reorganized debtor. 2012 Bankr. LEXIS

5244 at *20, 2012 WL 5392208 at *6. But there is also a public interest in protecting the right to appellate review when it can be done without undue prejudice to the side that won below. And I don't see that issuing a stay would impair the public interest, especially if the resulting loss were protected by the requirement of a bond."

**II) Debtor is entitled to a stay as a matter of right upon the posting of a supersedeas bond**:

Debtor has an absolute right to a stay pending appeal upon the posting of a supersedeas bond in an amount approved by the court, in the event that the court finds that debtor is not entitled to a discretionary stay, Debtor requests the court determine an appropriate amount for a supersedeas bond and grant a stay pending appeal upon posting of such bond. The bond amount should reflect the de minimus amount of potential harm that could occur during pendency of this appeal, given the circumstances of the case. Creditors were entitled to stay pending appeal of court order granting relief from automatic stay to bank; although former Fed. R. Bankr. P. 8005 did not provide ready answer, proposition that stay pending appeal should have sufficient flexibility to meet differing circumstances that might be present in particular bankruptcy case seemed widely accepted. In re RMAA Real Estate Holdings, LLC (Bankr. E.D. Va. Sept. 10, 2010), 53 Bankr Ct Dec (LRP) 203. Creditors were entitled to stay pending appeal of court order granting relief from automatic stay to bank; although former Fed. R. Bankr. P. 8005 did not provide ready answer, proposition that stay pending appeal should have sufficient flexibility to meet differing circumstances that might be present in particular bankruptcy case seemed widely accepted. In re RMAA Real Estate Holdings, LLC (Bankr. E.D. Va. Sept. 10, 2010), 53 Bankr Ct Dec (LRP) 203.

**III) Notice of Appeal and Statement of Election:**

Debtor filed Notice of Appeal and Statement on August 23, 2016 [Court Docket #54].

**IV) CONCLUSION:**

For the reasons stated above, debtor request this court enter an order staying i) denying Motion to reconsider and request to set for evidentiary hearing ii) granting Trustee's motion to turnover of 1304 Joplin Drive #4 San Jose, CA, pending outcome of the debtor's appeal to district court in this case.

Dated: October 2, 2016               **DHALIWAL LAW GROUP, INC.**


                                     By: /s/ Rattan Dev S. Dhaliwal
                                          Rattan Dev S. Dhaliwal
                                          Attorney for Debtor

MohdTayarani - Beegham                Motion for Stay Pending Appeal              12

# Affidavit of Rattan Dev S. Dhaliwal

I, Rattan Dev S Dhaliwal, am an attorney of record in this case. The following is based upon my personal knowledge and it is under Oath.

1) This is urgent matter since US Marshalls are in the process of removing Appellant/Debtor from his residence by Tuesday Morning, October 4, 2016.

2) The Court had jurisdiction in this matter because the question in front of this Court is complete and it is not controlled by future events. In *re Lynce*, does not apply here for various following reasons.

   a) Undisputed facts of this case: Appellant/Debtor filed Chapter 7 case. He was truthful in filing of the petition, schedules and statement of affairs. The debtor was also truthful at his 341 meeting. Trustee requested extra information from Appellant/Debtor and he provided that information as well. Trustee requested that Trustee's real estate agent visit Appellant/Debtor's residence/condo and the debtor accommodated that request as well.

   On or about April 5, 2016, Trustee contacted Appellant/Debtor's attorney via email claiming that there is equity in the condo. The trustee attached an appraisal report with her email at the same time. Appellant/Debtor was able to show to Trustee that her appraisal report was defective because the comparable condo's on which this report is based are much bigger than the condo of the Appellant/Debtor. From this point onwards Appellant/Debtor did not hear from Trustee.

b) The Question(s) in front of this Court: Appellant/Debtor's appeal and case stems from this conduct of the Trustee. Appellant/Debtor believes that everything else is red herring in this matter because none of the cases are on point that were cited by the Bankruptcy Court in its Order(s) or by the trustee in her motions, oppositions to motions etc.

The question in front to this Court to decide is "Whether Trustee acted in good faith or not after the Appellant/Debtor was able to demonstrate to Trustee that her appraisal report was defective". There are Court cases that require Trustee to act in good faith. When property is encumbered to the extent that its sale, after payment of costs (including *ad valorem* taxes), administrative expenses and encumbrances, will produce little or no money for the estate, it is improper for the trustee to take possession of or sell it. See *In re Tobin,* 37 C.B.C.2d 52, 202 B.R. 339 (Bankr. D.R.I. 1996) (disapproving "carve out" from proceeds to be paid by secured creditor to trustee); *In re* Williamson, 20 C.B.C.2d 1063, 94 B.R. 958 (Bankr. S.D. Ohio 1988); *In re* Landreneau, 74 B.R. 12 (Bankr. W.D. La. 1987); *In re* Lambert Implement Co., 11 C.B.C.2d 946, 44 B.R. 860 (Bankr. W.D. Ky. 1984); *see also In re* Lan Assocs. XI, L.P., 192 F.3d 109 (3d Cir. 1999) (trustee should not sell fully encumbered property; if sale of partially encumbered property, compensation should be based on amount received by estate after payment of encumbrances); ***In re Tobin, the Court specifically noted that*** a trustee should only sell assets that will generate income for the estate. In evaluating whether an asset has equity, the trustee must determine whether there are valid liens against the asset, and whether the value of the asset exceeds the liens. The trustee must also consider whether the cost of administration or tax consequences of any sale would significantly erode or exhaust the estate's equity interest in the asset. If the sale of an asset would result in little or no income

to the estate for the benefit of creditors, the trustee should abandon it. *See* Handbook for Chapter 7 Trustees, published by the Executive Office of the United States Trustee, at 56.

c) Another fact to be noted in this case, the trustee has not even taken into consideration any income tax consequences to the estate. However, the trustee is claiming that she has an absolute right to do whatever she chooses to do. The Bankruptcy Court agreed with her, without addressing the issues raised by Appellant/Debtor. This is the crux. If the Bankruptcy Court had addressed this issue, Appellant/Debtor may not have filed an appeal. Appellant/Debtor has concerns that Bankruptcy Court went out on the limb to decide against him. Appellant/Debtor disagrees with Bankruptcy Court's position because the court has either overlooked, or turned away its head from the issues that the debtor raised. In re *Hyman* is one of the prime examples of it. This is another issue this Court has to decide.

d) Court is Missing Appellant/Debtor's Position: This Court believes that the Appellant/Debtor would have a chance to object to the sale when the Trustee would file the motion to sell the debtor's property. Thus, the matter was not ripe for an appeal. However, at this stage the condo is gone and all the questions have become moot. Further, Appellant/Debtor has already raised questions against the Bankruptcy Court decisions. Given the fact that Debtor has not been able to receive a single concession from the Bankruptcy Court, Appellant/Debtor doubts Court's impartiality and fairness. Appellant/Debtor will go into more details on this issue, when he responds to Court's OSC.

| MohdTayarani - Beegham | Motion for Stay Pending Appeal | 15 |
|---|---|---|

Debtor/Appellant requests, even the Court disagrees with the Appellant/Debtor's motion to grant stay pending appeal, to give him stay until this Court decides on its jurisdiction question. This will give Debtor few more days to vacate the condo.

I certify under penalty of perjury under the state law that I know the contents of this affidavit signed by me and that the statements are true and correct to the best of my knowledge.

Dated: October 2, 2016                    **DHALIWAL LAW GROUP, INC.**

                                          By: /s/ Rattan Dev S. Dhaliwal
                                              Deponent